**STRADLEY RONON STEVENS &YOUNG, LLP**
A Pennsylvania Limited Liability Partnership
By:     Francis X. Manning
        Robert J. Norcia
LibertyView
457 Haddonfield Road, Suite 100
Cherry Hill, NJ  08002
(856) 321-2403
(856) 321-2415 (fax)
fmanning@stradley.com
rnorcia@stradley.com

*Attorneys for Defendants Hospira, Inc. and Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Elizabeth Chaisson-Ricker,<br><br>            Plaintiff,<br><br>v.<br><br>Sanofi S.A., et al.,<br><br>            Defendants. | Case No. _____<br><br><br>**NOTICE OF REMOVAL** |

Defendants Hospira, Inc. and Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. (together, the "Hospira Defendants")[1] hereby remove this civil action pending in the Superior Court of New Jersey, Middlesex County, Law Division (the "State Court Action"), Docket No. MID-L-003161-20, pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. § 1332 on the following grounds:

---

[1] No Defendant has been served in this matter.  Regardless, this Notice of Removal is solely on behalf of Hospira, Inc. and Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. This Notice of Removal does not waive the rights of any named defendant, including Hospira, Inc. and Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.  No admission of fact, law, or liability is intended by the filing of this Notice of Removal, and all defenses, motions, and pleas are expressly preserved.

1. As required by L.Civ.R. 10.1(a), Plaintiff's purported address is in the state of Virginia; Hospira Inc.'s address is 275 N Field Drive, Lake Forest, Illinois 60045; Hospira Worldwide, LLC's address is 275 N Field Drive, Lake Forest, Illinois 60045; Pfizer, Inc.'s address is 235 E. 42nd Street, New York, New York 10017; sanofi-aventis U.S. LLC's address is 55 Corporate Drive, Bridgewater, New Jersey 08807; and Sanofi U.S. Services Inc.'s address is 55 Corporate Drive, Bridgewater, New Jersey 08807; Sanofi S.A.'s address is 54 rue La Boetie, 75008 Paris, France; Aventis Pharma S.A.'s address is 20 avenue Raymond Aron, 92160 Antony, France; Sandoz Inc.'s address is 100 College Rd W, Princeton, New Jersey 08540; Hospira Inc.'s address is 275 N Field Drive, Lake Forest, Illinois 60045; Hospira Worldwide, LLC's address is 275 N Field Drive, Lake Forest, Illinois 60045; Accord Healthcare, Inc.'s address is 1009 Slater Road, Suite 210-B, Durham, North Carolina 27703; McKesson Corporation's address is 6535 N. State Highway 161, Irving, Texas 75039; Sun Pharma Global FZE's address is Executive Suite #43, Block Y, SAIF Zone, P.O. Box 122304, Sharjah, United Arab Emirates; Sun Pharmaceutical Industries Inc.'s address is 270 Prospect Plains Rd., Cranbury, New Jersey 08512; Actavis LLC's address is 400 Interpace Parkway, Bldg. A, Parsippany, New Jersey 07054; Actavis Pharma, Inc.'s address is 400 Interpace Parkway, Bldg. A, Parsippany, New Jersey 07054; Pfizer, Inc.'s address is 235 E. 42nd Street, New York, New York 10017; and Sagent Pharmaceuticals, Inc.'s address is 1901 N. Roselle Road, Suite 450, Schaumburg, Illinois 60195.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because each of the requirements for removal are satisfied; complete diversity exists among the parties and the amount in controversy exceeds $75,000, exclusive of interest, fees, and costs. *See* 28 U.S.C. §§ 1332, 1441, 1446.

4576932v.1

I. **NATURE OF THE CASE**

3. On or about May 27, 2020, Plaintiff Elizabeth Chaisson-Ricker, a Virginia citizen, commenced the State Court Action by filing a Complaint identified by Superior Court of New Jersey as docket number MID-L-003161-20 ("Complaint") with the Clerk of the Superior Court of New Jersey, Middlesex County, New Jersey.  (A true and accurate copy of Plaintiff's Complaint is attached hereto as **Exhibit A**).

4. Plaintiff's Complaint asserts causes of action against Defendants for injuries she allegedly incurred after she received Taxotere/docetaxel to treat her breast cancer starting on or about December 27, 2011.  *See* **Exhibit A** at ¶ 9.  Plaintiff seeks damages.  *See generally id.*

5. On October 4, 2016, the United States Judicial Panel on Multidistrict Litigation ("JPML") issued a Transfer Order, pursuant to 28 U.S.C. § 1407, transferring federal cases pending against Defendants involving "common factual questions arising out of allegations that Taxotere (docetaxel) [] causes permanent hair loss" to the United States District Court for the Eastern District of Louisiana for coordinated pretrial proceedings as part of *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, MDL No. 2740.  Defendants intend to seek transfer of this action to MDL 2740.

II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest, fees, and costs.  (*See* **Exhibit A**).

A. **Complete Diversity Of Citizenship Exists**

7. Plaintiff is a citizen of the State of Virginia.  (*See* **Exhibit A**).

8. Hospira, Inc. is a Delaware corporation with its principal place of business in Illinois. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). Hospira Worldwide, LLC f/k/a Hospira Worldwide Inc. is a Delaware limited liability company. For purposes of diversity jurisdiction, the citizenship of an LLC is that of its members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (stating that every circuit court to have considered the issue has held that the citizenship of an LLC is determined by the citizenship of its members, and joining in that holding). Hospira, Inc. is the sole member of Hospira Worldwide, LLC f/k/a Hospira Worldwide Inc. Accordingly, Hospira Worldwide, LLC f/k/a Hospira Worldwide Inc. is a citizen of Delaware and Illinois.

9. Pfizer Inc. is a Delaware corporation with its principal place of business in New York.

10. Sanofi-aventis U.S. LLC is a Delaware limited liability company with its principal place of business in New Jersey. Sanofi U.S. Services Inc. is the sole member of sanofi-aventis U.S. LLC. Sanofi U.S. Services Inc. is a Delaware corporation with its principal place of business in New Jersey. Accordingly, sanofi-aventis U.S. LLC is a citizen of Delaware and New Jersey.

11. Sanofi U.S. Services Inc. is a Delaware corporation with its principal place of business in New Jersey. Accordingly, Sanofi U.S. Services Inc. is a citizen of Delaware and New Jersey.

12. Sanofi S.A. is a non-resident defendant and has not been properly served or joined.

13. Aventis Pharma S.A. is a non-resident defendant and has not been properly served or joined.

14. Sandoz Inc. is a Colorado corporation with its principal place of business in New Jersey.

15. Accord Healthcare Inc. is a North Carolina corporation with its principal place of business in North Carolina.

16. McKesson Corporation d/b/a McKesson Packaging is a Delaware corporation with its principal place of business in Texas.

17. Sun Pharma Global FZE is organized under the laws of the Emirate of Sharjah with its principal place of business in the United Arab Emirates.

18. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, Ltd. is a New Jersey corporation with its principal place of business in New Jersey.

19. Actavis LLC is a Delaware limited liability company the sole member of which is Actavis US Holding LLC, the sole member of which is Watson Laboratories, Inc., which is a Nevada corporation with its principal place of business in New Jersey. Accordingly, Actavis LLC is a citizen of Nevada and New Jersey.

20. Actavis Pharma, Inc. is a Delaware Corporation with its principal place of business in New Jersey.

21. Sagent Pharmaceuticals, Inc. is a Delaware corporation with its principal place of business in Illinois.

22. Consent to removal is not required from unserved defendants. *See Balazik v. County of Dauphin*, 44 F.3d 209, n. 4 (3d Cir. 1995) (noting that an unserved defendant need not join in a petition for removal); U.S.C. § 1446(b)(2)(A).

23. The identities of the remaining defendants are unknown and they are designated in the Complaint by fictitious names. (**Exhibit A**). The citizenship of those defendants is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1).

24. Complete diversity exists because Plaintiff and Defendants "are citizens of different States" and "citizens or subjects of a foreign state are additional parties." *See* 28 U.S.C. § 1332(a).

B. **No Forum Defendant Has Been Properly Served**

25. The "forum defendant rule" provides that "[a] civil action otherwise removable solely on the basis of [diversity] may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

26. Thus, pursuant to 28 U.S.C. § 1441(b), this action is removable because no party in interest properly joined *and served* as a defendant is a citizen of the State of New Jersey, the state in which this action was brought.

27. No Defendant, including any forum defendant, has been properly served in this action.

28. The Third Circuit has held that, when dealing with issues of statutory construction, this Court's task is to

> [G]ive effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive. If the language of the statute is plain, the sole function of the court is to enforce the statute according to its terms. The plain meaning is conclusive, therefore, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.

*Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001).

29. The language of 28 U.S.C. § 1441 is unambiguous. Removal is prohibited only where a defendant, who is a resident of the forum state, has been "properly joined *and served*." 28 U.S.C. § 1441(b).

30. The Third Circuit, as well as decisions from this Court and other courts, have applied the plain language of the federal removal statute to permit removal of an action before a forum defendant is served. *See, e.g.*, *Encompass Ins. Co. v. Stone Mansion Rest.,* 902 F.3d 147 (3d Cir. 2018) ("Congress' inclusion of the phrase "properly joined and served" addresses a specific problem − fraudulent joinder by a plaintiff − with a bright-line rule"; holding pre-service removal of action involving forum-defendant proper based upon the plain language of the statute); *Poznanovich v. AstraZeneca Pharm. LP*, 2011 WL 6180026, at *4 (D.N.J. Dec. 12, 2011) ("The language of the statute is clear that Congress intended § 1441(b)'s prohibition on removal to apply not merely where a forum defendant is properly joined in the action, but only where service has been effected on that forum defendant."); *Bivins v. Novartis Pharm. Corp.*, 2009 WL 2496518, at *2 (D.N.J. Aug. 10, 2009) ("Here, the statutory language is clear: removal is prohibited only where a defendant, who is a resident of the forum state, has been properly joined *and served*.") (internal quotations omitted, emphasis in original); *Jaeger v. Schering Corp.*, 2007 WL 3170125, at *3 (D.N.J. Oct. 25, 2007) ("this Court must give effect to the literal interpretation in the absence of a contrary Congressional intent and reject Plaintiffs' attempt to ignore the plain language of the statute and circumvent Congress's express intention"; "[T]here is no dispute that Defendants were not served at the time removal was filed. Accordingly, there is no applicable limitation on Defendants' right to remove the matter to this Court."); *Yocham v. Novartis Pharm. Corp.*, 2007 WL 2318493, at *3 (D.N.J. Aug. 13, 2007) (denying remand motion based upon "a plain reading of § 1441(b) and straightforward application of it"); *Thomson v. Novartis Pharm. Corp.*, 2007 WL

1521138, at *4 (D.N.J. May 22, 2007) (denying remand based upon a "plain reading of § 1441(b)"); *Ripley v. Eon Labs Inc.*, 622 F. Supp. 2d 137, 142 (D.N.J. 2007) ("The plain language of 28 U.S.C. § 1441(b), despite the numerous policy arguments against it, permits removal of this case from the Superior Court of New Jersey to this Court"); *Frick v. Novartis Pharmaceuticals Corp.*, 2006 WL 454360, at *3 (D.N.J. Feb. 23, 2006) ("[W]e find that the language of the statute is unambiguous [and] it is not readily apparent that applying the clear language of the statute to the present case would produce a result that is demonstrably at odds with the intentions of Congress."); *see also Texas Brine Co., L.L.C. v. Am. Arbitration Assn., Inc.*, — F.3d –, 2020 WL 1682777 (5th Cir. Apr. 7, 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019); *Munchel v. Wyeth LLC*, No. CIV.A. 12-906-LPS, 2012 WL 4050072, at *4 (D. Del. Sept. 11, 2012); *Valido-Shade v. Wyeth, LLC,* No. 12-2003, 2012 WL 2861113, at *2 (E.D. Pa. Jul. 11, 2012); *Boyer v. Wyeth Pharm., Inc.*, No. 12–739, 2012 WL 1449246, at *2 (E.D. Pa. Apr. 26, 2012); *Hutchins* v. *Bayer Corp.*, No. 08-640-LPS, 2009 WL 192468, at *11 (D. Del. Jan. 23, 2009).

31. Congress has enacted legislation reaffirming that an action may be removed on the basis of diversity jurisdiction when a forum defendant is not properly joined or served at the time of removal. The Federal Courts Jurisdiction and Venue Clarification Act of 2011 amended the removal and remand procedures in 28 U.S.C. § 1441, but retained the language in section 1441(b) that bars removal only if any "of the parties in interest **properly joined and served** as defendants is a citizen of the State in which such action is brought." See Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63 § 103, 125 Stat. 758, 760 (2011) (emphasis added).

32. Here, because Plaintiff has not served any Defendant, any such Defendant's citizenship in New Jersey is not an impediment to removal under 28 U.S.C. § 1441(b).

### C. The Amount In Controversy Requirement Is Satisfied

33. Although the Short Form Complaint seeks unspecified damages, it is apparent that the amount in controversy exceeds $75,000.00. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.").

34. Plaintiff alleges she "has suffered and will continue to suffer pain, suffering, disability, impairment, loss of enjoyment of life, inability to engage in chosen and necessary activities, and/or economic damages, as a result of the administration of the designated product(s)." (*See* **Exhibit A**).

35. Plaintiff is seeking "compensatory damages, attorney's fees, interest, costs of suit and such further relief as the Court deems equitable and just." (*See* **Exhibit A**).

36. In addition, on October 4, 2016, the JPML created an MDL Court entitled *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, MDL No. 2740, in the United States District Court for the Eastern District of Louisiana, for coordinated and consolidated pretrial proceedings of cases similar to Plaintiff's case here. The instant action is one of thousands of cases filed against Defendants that have been filed in or removed to federal courts throughout the country, that allege similar liability theories and damages related to plaintiffs' use of Taxotere/docetaxel. All of these cases have either been found to exceed the jurisdictional threshold of $75,000 or the jurisdictional amount was never in question.

37. Given the nature and extent of Plaintiff's alleged injuries and damages, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, fees, and costs. (*See* **Exhibit A**).

4576932v.1

### III.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

#### A.   Timeliness Of Removal

38.   Removal is timely under 28 U.S.C. § 1446(b) because this notice was filed prior to any forum Defendant being served with a copy of Plaintiff's Summons and Complaint. *See Encompass Ins. Co.*, 902 F.3d 147; *see also* 28 U.S.C. §1441(b)(2).

#### B.   Venue Is Proper

39.   The United States District Court for the District of New Jersey embraces the locality in which the State Court Action is now pending and, thus, this Court is a proper forum for this action pursuant to 28 U.S.C. § 110.

#### C.   Filing Of Removal Papers

40.   As required by 28 U.S.C. § 1446(a), a copy of all process and pleadings are attached hereto.  (*See* **Exhibit A**).

41.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County.

#### D.   Demand For Jury Trial

42.   The Hospira Defendants hereby demand a jury trial as to all claims triable in this action.

**WHEREFORE**, Defendants Hospira, Inc. and Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. respectfully remove this action from the Superior Court of New Jersey, Law Division of Middlesex County, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED: May 29, 2020

By: */s/ Robert J. Norcia*
Francis X. Manning, Esq
Robert J. Norcia, Esq..
**STRADLEY RONON STEVENS & YOUNG, LLP**
A Pennsylvania Limited Liability Partnership
Liberty View
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
856) 321-2403
(856) 321-2415 (fax)
fmanning@stradley.com
rnorcia@stradley.com

*Counsel for Defendants Hospira, Inc. and Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.*

4576932v.1

## CERTIFICATE OF SERVICE

I hereby certify that, this 29th day of May 2020, I caused to be served a true and correct copy of the above Notice of Removal on the following via electronic mail:

Karen Beyea-Schroeder, Esq.
**BURNETT LAW FIRM**
3737 Buffalo Speedway, Ste. 1850
Houston, TX 77098
Karen.Schroeder@RBurnettLaw.com

*Counsel for Plaintiff*

/s/ Robert J. Norcia
Robert J. Norcia, Esq.

4576932v.1